## James F. Boyle's License.    Appeal of Hiram DeWalt.

*Liquor law—Constitutionality of license laws.*

The power of the state to regulate the sale of intoxicating liquors, and, in the exercise of that power, to authorize the granting of licenses to fit persons under such conditions as the legislature may impose, is too well settled to be open to discussion.

Argued October 7, 1898.    Appeal, No. 91, Oct. T., 1898, by Hiram DeWalt, from judgment of Q. S. Phila. Co., March T.,

---

* See Bromley v. Lippincott, 184 Pa. 462.

1898, No. 497, in granting or allowing to be issued retail liquor license to James F. Boyle.   Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Application for retail liquor license.   Before BIDDLE, P. J. and ARNOLD, P. J.

It appears from the record that an application for retail liquor license in the usual form was filed on February 9, 1898.   On March 3, 1898, the remonstrance of Hiram DeWalt was filed assigning as reasons that the place was not necessary for the entertainment of strangers or travelers and was not designed or fitted for the entertainment of strangers or travelers, but for the business of selling by retail in small quantities spirituous and intoxicating liquors ; that any act of assembly authorizing such a place to be licensed should be adjudged unconstitutional and void.   On March 28, a hearing was had on the petition and remonstrance, and on May 2, 1898, the petition was granted. Hiram DeWalt appealed.

*Errors assigned* among others were (1) in granting the license.   (5) In not holding that the act of assembly entitled "An act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors, or any admixture thereof," was unconstitutional.

*Hiram De Walt, P. P.*—The retail liquor saloon or dram shop is a common nuisance : License Cases, 5 Howard, 504, 626 ; Mugler v. Kansas, 123 U. S. 623 ; Crowley v. Christensen, 137 U. S. 86.

The retail liquor saloon or dram shop exists only by permission of acts of legislature : Youngblood v. Sexton, 32 Mich. 406 ; State v. Hipp, 38 Ohio, 206 ; Crowley v. Christensen, 137 U. S. 86 ; Raudenbusch's Petition, 120 Pa. 328.

If a person has no inherent right to sell liquor by retail, how can he have a constitutional right to do anything evil in itself, and against public welfare ?

Acts of legislature creating, permitting or attempting to regulate the retail liquor saloon or dram shop, are unconstitutional and void.

Will any one seriously contend that the legislature can establish a source of crime or misery ?

Whenever the attention of the court of justice is legally called to the consideration of any act of assembly they must pass upon the constitutionality of the act: Mugler v. Kansas, 123 U. S. 623.

A dram shop always depreciates the value of surrounding property and produces an immoral effect upon the community.

It cannot be contended that license acts must be constitutional because they have existed more than two hundred years. This proposition is established by Somerset v. Stewart, Loft. 1.

No legislature can bargain away the public health or the public morals: Stone v. Mississippi, 101 U. S. 814.

Unless the courts can decide that the tippling house or dram shop conserves the public health or the public morals, they should declare any act of assembly authorizing or establishing it unconstitutional or void.

No paper-book or appearance for appellee.

PER CURIAM, November 14, 1898:

The record shows a petition in the form prescribed by the statute, and an order granting the license after due hearing. As the evidence given on the hearing is not before us, the decision of the court upon the questions of fact raised by the remonstrance is not reviewable. And notwithstanding the very earnest argument of the appellant, who appeared in person, we see no reason to doubt the constitutionality of the law under which the license was granted. The power of the state to regulate the sale of intoxicating liquors, and, in the exercise of that power, to authorize the granting of licenses to fit persons under such conditions as the legistature may impose is too well settled to be open to discussion.

Finding no error in the record the order is affirmed.